IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HUTCHINSON,         )  No. C 02-974 JSW (PR)

           Petitioner,          )

     vs.                     )

JIM HAMLET, Warden,         )

           Respondent.        )

_____ )

**ORDER REGARDING OUTSTANDING ISSUES FOR EVIDENTIARY HEARING**

(Docket No. 38)

      Petitioner, a California state prisoner, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  At a case management  conference held by the Court on February 21, 2006, the parties were ordered to file pretrial briefing, in anticipation of an evidentiary hearing regarding Petitioner's ineffective assistance of counsel claim (docket no. 35).  The Court directed the parties to address Respondent's argument that Petitioner's claim was not exhausted in state court and to inform the Court of what evidence the parties intended to offer at the evidentiary hearing.

      On March 8, 2006, Petitioner filed a pretrial brief (docket no. 36).  In Petitioner's brief, he contends that the ineffective assistance of counsel claim before the Court is not barred by the doctrine of exhaustion.  On March 17, 2006, Respondent filed a pre-evidentiary hearing brief (docket no. 37), arguing that Petitioner's claim of ineffective assistance of counsel has not been exhausted and that the petition should be dismissed for failure to exhaust state remedies.  Respondent also seeks production of Petitioner at the hearing and has filed a motion for a writ of habeas corpus *ad testificatum*, seeking to

have Petitioner produced at the hearing (docket no. 38).  Respondent further argues that Petitioner should not be allowed to call a "*Strickland*" expert to testify regarding what constitutes ineffective assistance of counsel.

BACKGROUND

Petitioner's claim, as set forth in his ineffective assistance of counsel claim in the California Court of Appeal, is that trial counsel's "failure to investigate the crime scene and seek expert analysis of the prosecution videotapes was ineffective assistance of counsel." Petition at 12-18.  His state habeas petition, filed in the Sixth Appellate District, argued that trial counsel did not offer evidence at trial that would have showed that the perpetrator of the crime was not the same height as Petitioner as set forth below:

> No still photographs made from the tapes were introduced at trial.  The defense counsel did not introduce the photographs he had made before the trial.  (R. T. p. 13.) No evidence was entered as to the height markings on the door of the 7-11.  No evidence was introduced as to the height of the perpetrator seen in the videotape.  The failure to obtain and introduce such evidence is ineffective assistance of counsel.

*Id.* at 9.

In his request for expert funds and the petition, Petitioner's appellate counsel proffered an expert that he had consulted with who was available to provide the court with an opinion as to the height of the perpetrator.  *See*, Petitioner's Exhibit 3 in Support of Petition, at 19.  In support of the petition, counsel offered a still photograph obtained from trial counsel, as well as a declaration of his own geometric calculations, investigation of the crime scene and discussions with trial counsel.  In the habeas petition, appellate counsel argued that his investigation of the scene revealed that the height of the perpetrator was 5'5" or 5'6", that markings in the photograph denoted where five feet and six feet were on the door of the 7-11 and that trial counsel made no mention of the markings or of the discrepancy between the height of the perpetrator viewed in the videotape and still photographs and Petitioner during the trial.  Moreover, the petition details that Petitioner's application for funding to provide expert analysis of the

2

videotape of the crime and provide evidence of Petitioner's height was denied in the Court of Appeal and a petition for review, filed in the California Supreme Court regarding the failure to provide funding, was also denied.  Petitioner's state appeal and his habeas petition were denied simultaneously by the California Court of Appeal on August 22, 2001.  Petitioner's federal petition was filed on February 27, 2002.

Subsequent to the filing of the petition, Petitioner and Respondent apparently became aware that the San Jose Mercury News had conducted an independent study of the crime scene in the course of their investigation of his claims.  This Court was first informed of the existence of this expert in Petitioner and Respondent's Joint Case Management Report, filed with this Court on February 10, 2006 (docket no. 32).

I.      EXHAUSTION

Respondent argues that because Petitioner's claim of ineffective assistance is now supported by an expert report supporting his claim regarding counsel's failure to introduce evidence of a height discrepancy, the petition has been rendered unexhausted and must be dismissed.  Respondent's primary argument is that the evidentiary support of the expert report submitted to this Court in the Joint Case Management Statement places Petitioner's claim in a different and stronger light and the claim must be returned to state court so that the state courts will have an opportunity to consider the claim.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  *See*

3

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

The exhaustion requirement is not jurisdictional, but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or there are exceptional circumstances. *See* 28 U.S.C. § 2254(b)(1); *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances").

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.; Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

"[M]ere similarity of claims is insufficient to exhaust." *Id.* at 366; *Johnson*, 88 F.3d at 830 (stating that the "essentially the same" standard of *Tamapua v. Shimoda*, 796 F.2d 261, 262-63 (9th Cir. 1986), "is no longer viable" in light of *Duncan*). Constitutional claims are not fairly presented to the state courts and therefore are not exhausted if, for example, the claims in the federal petition and those presented to the state courts (1) arose under different federal constitutional provisions (including different clauses in the same constitutional amendment, e.g., the due process and equal protection

clauses of the 14th Amendment), *see Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982), (2) arose under the same constitutional provision but are logically distinct or are based on different and unrelated lines of precedent, *see Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000).

In order to properly exhaust, the specific factual basis of the federal claim also must be presented to the highest state court. *See Kelly v. Small*, 315 F.3d 1063, 1067 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal). New factual allegations in a federal petition, however, do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts. *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005). The focus normally is on the petitioner's briefs in state court, and not on the state court's opinions. Thus, the state court's failure to discuss or mention a federal claim does not mean that the claim was not fairly presented to it. *Dye v. Hofbauer*, 126 S. Ct. 5, 6 (2005).

In this case, Respondent contends that *Aiken v. Spalding,* 841 F.2d 881 (9th Cir. 1988) compels the conclusion that Petitioner's claim is unexhausted and must be dismissed. In *Aiken*, the trial court held a post-conviction hearing on petitioner's claim that his statement was involuntary and inadmissible. At the hearing, a tape of the interrogation of petitioner was played on a tape recorder, in which petitioner was heard requesting the assistance of an attorney. The interrogating officers also testified at the hearing that they did not hear petitioner's request for counsel and the trial court found their testimony was credible and upheld admission of the interrogation. In his subsequent federal habeas proceedings, petitioner sought to introduce "decibel level studies" by an expert, to establish that the interrogating officers heard and ignored his

5

requests for counsel.  However, there was no such offer of expert evidence at the hearing in state court.  The Ninth Circuit denied the claim as unexhausted, and held that the federal habeas petition, which included an affidavit of the expert, "places his claim in a significantly different and stronger evidentiary posture than it had when presented in state court." *Id.* at 883-84.

Petitioner argues that *Vasquez v. Hillery*, 474 U.S. 254 (1986) supports his argument that the claim is exhausted.  In *Vasquez*, the Supreme Court found that statistical evidence offered in the district court in support of petitioner's habeas claim of systemic exclusion of blacks from the indicting grand jury was not new evidence because it "added nothing to the case that this court has not considered intrinsic to the consideration of any grand jury discrimination claim." *Id.* at 259.  The Court found that the presentation of additional facts to the district court does not render the claim unexhausted when petitioner has presented the substance of his claim to the state courts. *Id.* at 257-58.

This Court is persuaded that the additional factual support for petitioner's claim provided by the expert report submitted with the Joint Case Management Statement regarding the height of the perpetrator depicted in the video does not render Petitioner's ineffective assistance claim unexhausted.  The expert evidence offered in this case is analogous to the statistical evidence offered at the federal habeas proceedings in *Vasquez*.  The Court finds further support for the determination that the claim is exhausted in the Ninth Circuit's recent decision in *Landrigan v. Schriro,* 441 F.3d 638 (9th Cir. 2006).  In *Landrigan*, the Ninth Circuit reversed the district court's holding that petitioner's claim was unexhausted, where petitioner had sought and been refused funds to hire an expert in state court to establish that counsel was ineffective for failing to offer such expert evidence in mitigation at his sentencing.  The Ninth Circuit held that the expert opinion offered in support of petitioner's federal habeas claim did not

"fundamentally alter" the ineffective assistance of counsel claim presented in state court, thus rendering it unexhausted.  *Id.* at 648.  Rather, the expert report "simply provides additional evidentiary support for the claim."  *Id.*  The same is true here.  While Petitioner requested that the Court of Appeal provide funding for an expert, his argument was essentially that the expert would establish conclusively counsel's assertions that the perpetrator was of significantly different height than Petitioner and that trial counsel had failed to offer any evidence of the perpetrator's height.  The existence of such evidence for consideration in this Court (prepared by an independent source) in no way fundamentally alters Petitioner's claim in state court that trial counsel should have called into question the perpetrator's height.  *See also*, *Belmontes,* 414 F.3d at 1117-18 (holding that "(n)ew factual allegations do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts.")  Respondent argues that Petitioner's case is distinguishable from that of *Landrigan*, because the expert offered in this case is the only evidence available to establish prejudice to Petitioner.  However, the Court is not persuaded.

The claim before this Court remains whether competent counsel should have called into question the perpetrator's height, and that counsel's failure to investigate and present evidence that would have established a significant height discrepancy constituted ineffective assistance of counsel.  In this case, the Court will consider the entirety of trial counsel's investigation and whether competent counsel should have called into question the height of the perpetrator through a proper investigation, including the investigation of any forensic evidence then available to support this line of defense, as well as other available evidence of the perpetrator's height, such as the videotape and stills of the scene offered by the prosecution and in the possession of defense counsel.

While an expert's analysis of the videotape is certainly relevant to the Court's inquiry into whether Petitioner was prejudiced by counsel's failure to call into question

the perpetrator's height, it does not alone answer the question of whether counsel's investigation of the scene and failure to produce any evidence of height constitutes ineffective assistance of counsel.

It is certainly the case that additional evidence will almost always render a claim stronger. However, the existence of some additional evidence alone in federal habeas proceedings does not render the underlying claim unexhausted. As such, this Court finds that Petitioner's claim is exhausted and the petition need not be dismissed.

II.     STRICKLAND EXPERT

Petitioner seeks to call a "*Strickland* expert" to testify regarding "the duty of care of a reasonably competent criminal defense lawyer in investigating and preparing a criminal case for trial" and whether petitioner's trial counsel's conduct fell below accepted professional norms.

Respondent argues that this Court should exercise its discretion to exclude the testimony of John Philipsborn, who Petitioner proposes to call at the hearing. In response to Respondent's objection, Petitioner argues that Philipsborn will also offer testimony regarding counsel's obligation to conduct an investigation of a case in circumstances in which his or her client has confessed to the crime and, whether counsel's explanation of his failure to investigate is credible in light of his opening statement and conduct of Petitioner's defense.

As Respondent points out, it is within the Court's discretion whether to permit such an expert under Federal Rule of Evidence 702. *See*, *Bonin v. Calderon,* 59 F.3d 815, 838 (9th Cir. 1995) (holding that district court's failure to admit testimony of *Strickland* expert is not an abuse of discretion where the "judge is himself qualified to assess the likely responses of a jury to certain evidence and is also qualified to understand the legal analysis required by *Strickland.*")

At this juncture, the Court finds that a *Strickland* expert is unnecessary, as the

issues in this case are relatively straightforward.  The Court is well aware that criminal defense counsel is not relieved of the obligation to investigate a case when a client confesses to having committed a crime.  Expert testimony is not necessary to assist this Court with the analysis of whether both prongs of the *Strickland* analysis have been met.  However, the Court has signed an order providing for funding to introduce an affidavit of Philipsborn into evidence.  As such, testimony of the *Strickland* expert will not be admitted.

III.    PRESENCE OF PETITIONER

Respondent seeks Petitioner's presence at the hearing (docket no. 38).  However, Respondent's counsel informs the Court that Petitioner has been diagnosed with bladder cancer and is expecting to be transferred to a hospital in Reno for determination of whether Petitioner is also suffering from prostate cancer or other disease of the prostate.  In light of the current state of Petitioner's health, the Court will DENY Respondent's motion at this time (docket no. 38), but will reconsider the motion at the pre-trial conference.  Counsel is directed to provide the Court with an update regarding Petitioner's medical treatment at that time.

IV.    DEPOSITIONS

By letter to the Court dated April 12, 2006, Petitioner and Respondent have asked the Court for a ruling on several "submitted issues" including whether the Court will grant leave to permit the parties to take the depositions of the expert witnesses and trial counsel.  While no prior motion requesting leave to depose these individuals has been filed, the Court will allow the parties to conduct depositions of these witnesses for one day, for a period not to exceed four hours.  *See*, Habeas L. R. 2254-5; Fed. R. Civ. P. 26(b)(2).

V.    ADDITIONAL EVIDENTIARY ISSUE

It appears from the Court's reading of papers filed in this matter, that counsel

intend to offer different retained experts to provide separate determinations of the perpetrator's height using different technologies for determining the height of the perpetrator.  The Court requests that counsel be mindful of the fact that Petitioner's trial occurred in 1999, and that counsel must address whether any evidence they seek to introduce was available to trial counsel at the time of trial and whether criminal defense counsel was under a duty to offer such testimony in Petitioner's defense.  The Court will not consider evidence that is now available in support of the ineffective assistance of counsel claim if it cannot be shown that the evidence was available at the time of trial in San Mateo Superior Court, as it is not relevant to whether counsel was ineffective in failing to offer such evidence.

Any other pre-trial issues must be raised by way of motion and counsel are required to comply with this Court's guidelines for trial and final pre-trial conference regarding civil bench cases, provided to counsel along with the Clerk's notice of the pre-trial conference.

IT IS SO ORDERED.

DATED: April 20, 2006

_____
JEFFREY S. WHITE
United States District Judge