IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL HUTCHINSON, | ) | No. C 02-974 JSW (PR) |
| Petitioner, | ) ) | **ORDER GRANTING AND STAYING PETITIONER'S** |
| vs. | ) ) | **MOTION FOR RELEASE SUBJECT TO CONDITIONS AND** |
| JIM HAMLET, Warden, | ) ) | **STAYING THIS COURT'S ORDER TO RETRY PETITIONER** |
| Respondent. | ) ) | **PENDING APPEAL** |
| | ) ) | **(Docket No. 79)** |

Petitioner, a California state prisoner, filed a petition for a writ of habeas corpus which was granted by this Court on June 22, 2006 (docket no. 77). In the Court's order granting the petition, Respondent was ordered to "either retry Petitioner on the charges or release him from custody within sixty days from the date of this order." *Id.* at p. 36. Thereafter, on June 28, 2006, Petitioner filed a motion seeking release under Fed. R. App. P. 23(c) pending Respondent's appeal of this Court's order (docket no. 79). On July 5, 2006, this Court held Petitioner's motion in abeyance pending the filing of a notice of appeal by Respondent (docket no. 83). On July 21, 2006, Respondent filed a notice of appeal (docket no. 85) and an opposition to Petitioner's motion for release (docket no. 84). Petitioner has filed a reply (docket no. 86).

Federal Rule of Appellate Procedure 23(c) provides a presumption in favor of Petitioner's release from custody on appeal from an order granting a writ of habeas corpus:

> Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner shall be enlarged upon the prisoner's recognizance,

1         with our without surety, unless the court. . . shall order otherwise.

2    F. R. App. P. 23(c).

3         The Supreme Court has elaborated on the applicable considerations in such a case,

4    finding them analogous to those governing stays of civil judgments generally, namely "(1)

5    whether the stay applicant has made a strong showing that he is likely to succeed on the

6    merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

7    issuance of the stay will substantially injure the other parties interested in the proceeding;

8    and (4) where the public interest lies." *Hilton v. Braunskill* 481 U.S. 770, 776 (1987).

9         Within the consideration given to these traditional stay factors, a court may

10    consider the possibility of flight, the risk that petitioner will pose a danger to the public if

11    released, the state's interest in continuing custody and rehabilitation and the petitioner's

12    substantial interest in release pending appeal.  *Id.* at 777-78.  Regarding the state's

13    interest in continuing custody, *Hilton* specifically held that "it will be strongest where the

14    remaining portion of the sentence to be served is long, and weakest where there is little of

15    the sentence remaining to be served," and that petitioner's interest in release, "always

16    substantial", will be strongest where petitioner poses little threat to the public and has

17    already served a substantial part of the sentence. *Id.* at 777-78.

18         Notwithstanding the presumption in favor of release, a stay may still be

19    permissible if the state can demonstrate a substantial case on the merits and "if the second

20    and fourth factors in the traditional stay analysis militate against release."  *Id.* at 778.

21    "Where the State's showing on the merits falls below this level, the preference for release

22    should control."  *Id.*

23         Respondent has not made a strong showing of its likelihood of success on the

24    merits on appeal.  While Respondent argues that Petitioner's claim was not exhausted,

25    this Court found otherwise in its order of April 20, 2006 (docket no. 46).  The

26    photogrammetry evidence which Respondent contends renders the claim unexhausted was

27

28

1   first developed by the San Jose Mercury News and brought to the Court's attention by the

2   parties jointly in the Joint Case Management Statement filed on February 10, 2006

3   (docket no. 32).  This evidence, which was before this Court at the evidentiary hearing on

4   May 24, 2006 (docket no. 67), established factual support for the assertions of Petitioner's

5   appellate counsel in the state habeas petition, that trial counsel's failure to offer evidence

6   of a substantial height disparity between the perpetrator and Petitioner, which could be

7   established through elementary geometric calculations at the scene and through expert

8   testimony (for which he was denied funds).  As such, the underlying claim was exhausted

9   and Respondent has not shown a strong likelihood of success on the merits on this issue.

10          Respondent also argues that they have shown at least a substantial case on the

11  merits regarding this Court's finding that Petitioner was prejudiced by ineffective

12  assistance of counsel.  Respondent argues that had there been evidence before the jury of

13  a significant height disparity between Petitioner and the perpetrator depicted on the video

14  and in photographic stills, the jury would still not have had a reasonable doubt regarding

15  Petitioner's guilt.  Respondent argues against this Court's finding that the trial evidence

16  was "relatively weak", that the victim was not impeached and that she and Petitioner were

17  known to each other, lending more credibility to her identification of him.

18          However, as this Court found in its order granting the petition, there was no

19  physical evidence linking Petitioner to the crime scene.  The robber was wearing a

20  stocking over his face during the 20 seconds he is depicted on the videotape committing

21  the robbery.  The other trial witnesses, who had known Petitioner for many years, could

22  not say definitively whether it was him in the videotape, although one of them had

23  identified the person on the video as Petitioner in the presence of the victim while they

24  were watching the videotape together after the robbery.  *See generally,* docket no. 77, at

25  32-34.  Given the substantial impact of very persuasive independent evidence from the

26  scene which casts doubt on the victim's identification, Respondent has not shown a strong

27

28

1  likelihood of success on the merits.

2       However, even if Respondent has shown a "substantial case on the merits"

3  regarding this Court's finding of prejudice under the *Strickland* test, the other traditional

4  factors governing stays of civil judgments weigh in favor of Petitioner's release.

5  Respondent has not shown that they will be irreparably injured absent a stay of this

6  Court's order of release or that the public interest favors Petitioner's continued detention.

7       In this case, Petitioner has provided the Court with ample evidence that he does

8  not pose a threat to the community.  While in state prison, Petitioner has apparently

9  "demonstrated exceptional conduct and has become a model inmate." Exhibits in Support

10  of Petitioner's Motion for Release ("Pet's Mot"), Exh. A (docket no. 80).   As of June 27,

11  2006, Petitioner was housed in a "minimum level 1 security clearance with a gate pass

12  which was approved by the classification committee and selected to be transferred to Ben

13  Lomond Conservation Camp in Santa Cruz, California." *Id.*[1]   At that facility, Petitioner

14  completed fire fighting training and has "served as a wild land fire fighter as well as in

15  the community on grade projects."  Pet's Mot., Exh. C.  Petitioner has further provided

16  the Court with letters of recommendation from several Correctional Officers at Salinas

17  Valley State Prison from 2004, which document that he was observed over a two year

18  period to "interact positively with both his inmate peers and staff(,)" has the "attitude,

19  ethics and personality suitable for working with the public," Pet's Mot., Exh. B, and

20  "gives 110% of himself at all times toward his job."  Pet's Mot. Exh. E.  Members of

21  Petitioner's family have provided declarations that he has housing and work available to

22  him upon his release.  Pet's Exh. G, H, I.

23       Other than a generalized assertion that Petitioner poses a flight risk due to the

24  serious nature of this case and a danger to the community due to a 1991 or 1992 assault

25

26       [1]However, in reply to the opposition to the motion, Petitioner's counsel states that
    Petitioner is currently incarcerated at High Desert State Prison, with an expected release date of
27  June, 2009.

28

conviction, the State does not make any showing that Petitioner is a significant flight risk or a danger to the community.  Given current information regarding Petitioner's custodial placement by the California Department of Corrections and Rehabilitation in a minimum security facility where he has access to the public, Respondent apparently cannot make such a showing.  Further, Petitioner has already served over seven years of his sentence and accrued more than one year of additional custody credit during his incarceration, leaving approximately three years left to serve of his 13 year sentence.  Petitioner obviously possesses a substantial interest in release pending retrial, especially where appeal of this Court's order may take at least another year.  Given Petitioner's very substantial interest in release and the State's failure to show  that the second and fourth factors militate against release, the motion must be GRANTED as to Petitioner's release under Fed. R. App. P. 23(c).  However, the Court will stay Petitioner's release until further order of this Court, as set forth below.

With regard to the issue of bail and other appropriate conditions of release, the Court orders the parties to meet and confer and to provide the Court with stipulated conditions regarding bail and the supervision of Petitioner pending appeal and retrial within seven days from the date of this order.  If the parties cannot agree to a reasonable bail and some form of supervision of Petitioner during release, Petitioner shall provide the Court with information regarding his ability to post bail in this case, the amount of bail posted pending his 1999 trial, if any, and who posted such bail on his behalf within seven days from the date of this order.  Respondent shall provide the Court with information regarding the availability of supervisory services for Petitioner in the state court system pending appeal and retrial of his criminal case within seven days from the date of this order.  After receiving the parties' submission or submissions, the Court will issue an order releasing Petitioner from custody under such conditions as are deemed appropriate.

1        This Court will stay that aspect of the order granting the petition requiring retrial

2   within 60 days, pending the disposition of Respondent's appeal.  As Respondent correctly

3   points out, judicial economy weighs heavily in favor of not requiring a retrial after

4   Petitioner's release, given the possibility that this Court's order granting the petition could

5   be reversed on appeal.  As such, the State need not retry Petitioner during the pendency of

6   any appeal of this Court's order granting the petition.

7        IT IS SO ORDERED.

8   DATED: July 26, 2006

9   

10                JEFFREY S. WHITE
                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28