IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUTCHINSON,<br><br>    Petitioner,<br><br>vs.<br><br>JIM HAMLET, Warden,<br><br>    Respondent. | No. C 02-974 JSW (PR)<br><br>**ORDER CLARIFYING ORDER GRANTING HABEAS RELIEF**<br><br>**(Docket No. 104)** |

      Petitioner, formerly a California state prisoner, filed a petition for a writ of habeas corpus which was granted on June 22, 2006 (docket no. 77), more than one year ago. Petitioner was arrested in March, 1999 on the underlying charges and was sentenced to thirteen years in state prison on January 24, 2000. Prior to this Court's order releasing Petitioner from custody issued on July 26, 2006, Petitioner had already served more than seven years in custody and accrued more than one year of good conduct credit on this conviction, which has now been determined by two courts to have been unconstitutional.

      Respondent appealed this Court's order granting relief on July 21, 2006 and the Ninth Circuit issued an order affirming this Court's decision on July 3, 2007. The mandate issued on July 30, 2007. On August 7, 2007, the parties filed a joint motion seeking clarification of this Court's order of relief, which specified that Respondent must "either retry Petitioner on the charges or release him from custody within sixty days from the date of this order."

      The district court has broad discretion in conditioning a judgment granting habeas relief. *See, Hilton v. Braunskill,* 481 U.S. 770, 775 (1987). Conditional release orders

leave to state court officials the determination whether to release or to retry a prisoner within a reasonable period of time. *See, e.g., Richmond v. Lewis,* 506 U.S. 40, 52 (1992) (ordering remand to district court to enter conditional writ); *Wilkinson v. Dotson,* 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (discussing practice of granting conditional writ). The district court has broad discretion to fashion an order requiring retrial within a reasonable time. *See, e.g., Taylor v. Maddox,* 366 F.3rd. 992, 1018 (9th Cir.), *cert. denied*, 543 U.S. 1034 (2004) (granting "conditional writ of habeas corpus, ordering Taylor's release unless the state of California. . .actually commences Taylor's retrial within seventy days of issuance of the mandate"); *Luna v. Cambra,* 311 F.3rd 928 (9th Cir. 2002) (ordering granting of writ unless retrial commences "within a reasonable time thereafter to be set by the District Court.")

Given the substantial amount of time that has passed since Petitioner was arrested on the underlying charges and the lengthy period of incarceration he has already served, the Court hereby clarifies that the order granting relief requires release from the charges or retrial of Petitioner to actually commence within sixty days of the issuance of the mandate by the Ninth Circuit. This Court will not revisit the earlier order requiring a prompt release or retrial, except upon a showing of exceptional circumstances.

IT IS SO ORDERED.

DATED: August 9, 2007

                                         JEFFREY S. WHITE
                                         United States District Judge

2